United States District Court
Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JANE DOE,

          Plaintiff,

    v.

SAMUEL MERRITT UNIVERSITY,

          Defendant.

Case No.: C-13-00007 JSC

**ORDER DENYING DEFENDANT'S
MOTION TO DISMISS**

      This action involves Defendant Samuel Merritt University's alleged failure to provide a disabled student with additional opportunities to take a medical licensing exam. Now pending before the Court is Defendant's Motion to Dismiss ("Motion"). (Dkt. No. 6.) The Court finds this matter suitable for disposition without oral argument. *See* N.D. Cal. Civ. L.R. 7–1(b). Accordingly, the hearing set for February 14, 2013 is VACATED. Having considered the parties' pleadings and the relevant legal authority, and for the reasons set forth in this Order, the Court DENIES Defendant's Motion.

United States District Court
Northern District of California

1

**BACKGROUND**

2   Plaintiff was a student enrolled in Samuel Merritt University's ("SMU") California School of

3   Podiatric Medicine ("CSPM") from 2009 to 2012, pursuing a Doctor in Podiatric Medicine degree.

4   On April 5, 2011, George Vroulis, Ph.D diagnosed Plaintiff with Generalized Anxiety Disorder

5   (DSM-IV-TR 300.02) and Panic Disorder with Agoraphobia (DSM-IV-TR 300.21).  In July 2011, at

6   the close of her second year of study, Plaintiff received testing accommodations for her tests at

7   SMU—namely, time-and-a-half and a separate room in which to complete the exams.

8   To continue on to the third-year clinical rotations, Defendant requires that all students,

9   including Plaintiff, pass Part I of the American Podiatric Medical Licensing Examinations

10  ("APMLE"), which is devised and administered by a third-party.  Since the 2008-09 school year,

11  Defendant further requires that all students, including Plaintiff, pass Part I within three attempts of

12  taking the exam.  If a student does not pass the exam in the first three attempts, the student is

13  dismissed from SMU.  The parties refer to this requirement as the "three strikes" rule.

14  On August 8, 2012, Plaintiff was dismissed from SMU for failing to pass Part I on her third

15  attempt.  Plaintiff challenged her dismissal through Defendant's grievance procedures, and on

16  September 27, 2012, a grievance hearing was held.  In addition to requesting that she be reinstated to

17  the school, she asked for an accommodation: that no restriction be placed on the number of times she

18  may take Part I.  Defendant denied her grievance in full.

19  On December 20, 2012, Plaintiff filed suit against Defendant in Alameda County Superior

20  Court, alleging ten causes of action: 1) violation of the Americans with Disabilities Act ("ADA"), 42

21  U.S.C. § 1201 *et seq.*; 2) violation of Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 *et seq.*;

22  3) violation of California Government Code § 11135; 4) violation of the Unruh Civil Rights Act,

23  California Civil Code § 51 *et seq.*; 5) breach of contract; 6) promissory estoppel; 7) intentional

24  infliction of emotional distress; 8) negligent infliction of emotional distress; 9) preliminary

25  injunction; 10) declaratory relief.  Defendant removed the case to federal court on January 2, 2013.

26  On January 8, 2013, Defendant filed the pending motion to dismiss.  Plaintiff subsequently

27  filed a motion for preliminary injunctive relief, which the Court granted in part and denied in part on

28  February 1, 2013.  (*See* Dkt. No. 18.)

2

United States District Court
Northern District of California

**LEGAL STANDARD**

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  Dismissal under Rule 12(b)(6) may be based on either (1) the "lack of a cognizable legal theory," or (2) "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1988).  While "detailed factual allegations" are not required, a complaint must include sufficient facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

For purposes of ruling on a Rule 12(b)(6) motion to dismiss, the Court accepts all allegations of material fact as true and construes the pleadings in the light most favorable to the plaintiffs. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).  The Court need not, however, accept as true pleadings that are no more than legal conclusions or the "formulaic recitation of the elements' of a cause of action." *Iqbal,* 556 U.S at 663.  Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996).

**DISCUSSION**

Defendant moves to dismiss Plaintiff's Complaint on the basis that this action is entirely precluded by Plaintiff's failure to exhaust her administrative remedies pursuant to California Code of Civil Procedure Section 1094.5.  As stated in its Order regarding Plaintiff's request for a preliminary injunction, the Court finds that Section 1094.5 is not applicable to this case.

"The doctrine of exhaustion of judicial remedies precludes an action that challenges the result of a quasi-judicial proceeding unless the plaintiff first challenges the decision though a petition for writ of mandamus." *Gupta v. Stanford Univ.*, 124 Cal. App. 4th 407, 411 (2004) (requiring plaintiff to file an administrative writ where "the gravamen of [the plaintiff's] claims [wa]s confined to the disciplinary process and the proceedings against him.").  Administrative mandamus is available for review of "any final administrative order or decision made as the result of a proceeding

United States District Court
Northern District of California

1    in which by law a hearing is required to be given, evidence required to be taken, and discretion in the

2    determination of facts is vested in the inferior tribunal, corporation, board or officer."  Cal. Code of

3    Civ. P. § 1094.5(a).  "The inquiry in such a case shall extend to the questions whether the respondent

4    has proceeded without, or in excess of, jurisdiction; whether there was a fair trial; and whether there

5    was any prejudicial abuse of discretion."  *Id.* § 1094.5(b).

6         Defendant provides no case to the Court where Section 1094.5 has precluded a plaintiff's

7    claims for failure to provide reasonable accommodations.  This is unsurprising considering that

8    Section 1094.5 applies to a plaintiff who bases her claims on the results of a quasi-judicial

9    proceeding.  In failure to accommodate cases, the liability arises upon the denial of reasonable

10   accommodation in the first instance, not when a quasi-judicial body takes some action related to the

11   failure to accommodate.  Here, even assuming Defendant's grievance procedures qualify as quasi-

12   judicial under the statute, Plaintiff's claims are not based on the validity of those procedures or the

13   results of the proceeding and therefore do not fall within the ambit of Section 1094.5.  *See id.* §

14   1094.5(b).

## CONCLUSION

16   For the reasons stated, the Motion is DENIED.  This Order disposes of docket number 6.

18   IT IS SO ORDERED.

20   Dated: February 8, 2013

          _____
          JACQUELINE SCOTT CORLEY
          UNITED STATES MAGISTRATE JUDGE