IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE,<br><br>  Plaintiff,<br><br>  v.<br><br>SAMUEL MERRITT UNIVERSITY,<br><br>  Defendant. | Case No.: C-13-00007 JSC<br><br>**ORDER TO SHOW CAUSE RE: MOTION TO REMOVE INCORRECTLY FILED DOCUMENT; RESCHEDULING HEARING ON DEFENDANT'S MOTION TO DISSOLVE PRELIMINARY INJUNCTION** |

Now pending before the Court is Plaintiff's motion to remove an incorrectly filed document. (Dkt. No. 27.) Plaintiff argues that two electronically filed documents contain the name of Plaintiff, who is currently proceeding in this litigation under a fictitious name.

The Ninth Circuit recognizes that a plaintiff's use of a fictitious name "runs afoul of the public's common law right of access to judicial proceedings," and "[Federal Rule of Civil Procedure] 10(a)'s command that the title of every complaint 'include the names of all the parties.'" *Does I Thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000). "In this circuit, we allow parties to use pseudonyms in the unusual case when nondisclosure of the party's identity is

necessary to protect a person from harassment, injury, ridicule or personal embarrassment." *Id.* at 1067-68 (internal quotation marks and alterations omitted).

Despite proceeding under a fictitious name, Plaintiff has yet to file a motion seeking relief from the public's common law right of access to judicial proceedings and Rule 10(a)'s requirement that Plaintiff's complaint include her name. The Court further notes that in many, if not all, ADA access cases, the plaintiff does *not* proceed under a pseudonym. *See, e.g., Enyart v. Nat'l Conference of Bar Exam'rs, Inc.*, 2010 WL 475361 (N.D. Cal. Feb. 4, 2010); *Baer v. Nat'l Bd. of Med. Exam'rs*, 392 F. Supp. 2d 42 (D. Mass. 2005); *Zukle v. Regents of Univ. of Cal.*, 166 F.3d 1041 (9th Cir. 1999); *Wong v. Regents of Univ. of Cal.*, 192 F.3d 807 (9th Cir. 1999).

In light of the foregoing, the Court hereby orders Plaintiff to show cause, by April 4, 2013, as to why Plaintiff should be allowed to proceed under a fictitious name. Defendant, if it wishes, may respond to Plaintiff's response to this Order by April 11, 2013. A hearing on this Order shall be held on April 18, 2013 at 9:00 a.m.[1] Finally, the Court reschedules the hearing on Defendant's motion to dissolve the February 1 preliminary injunction so that it shall also occur on April 18, 2013 at 9:00 a.m.

IT IS SO ORDERED.

Dated: March 21, 2013

*Jacqueline S. Corley*
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court apprises Plaintiff that the docket entry at issue is currently locked, and therefore Plaintiff's identity is not available to the general public during the pendency of Plaintiff's motion.