IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE,<br><br>                Plaintiff,<br><br>   v.<br><br>SAMUEL MERRITT UNIVERSITY, and CALIFORNIA SCHOOL OF PODIATRIC MEDICINE,<br><br>                Defendants. | Case No.: C-13-00007 JSC<br><br>**ORDER GRANTING MOTION TO PROCEED USING A FICTITIOUS NAME; GRANTING MOTION TO REMOVE INCORRECTLY FILED DOCUMENT**<br><br>**(Dkt. Nos. 30 & 27)** |

Now pending before the Court are Plaintiff's motion to proceed using a fictitious name ("motion to proceed"), (Dkt. No. 30), and Plaintiff's motion to remove an incorrectly filed document that contains Plaintiff's real name ("motion to remove") (Dkt. No. 27). Plaintiff filed her motion to proceed in response to the Court's Order to Show Cause as to why Plaintiff should be allowed to proceed under a fictitious name. (*See* Dkt. No. 29.)

**DISCUSSION**

The Ninth Circuit recognizes that a plaintiff's use of a fictitious name "runs afoul of the public's common law right of access to judicial proceedings," and "[Federal Rule of Civil

Procedure] 10(a)'s command that the title of every complaint 'include the names of all the parties." *Does I Thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000). The Ninth Circuit has identified three situations in which parties have been allowed to proceed anonymously: (1) when identification creates a risk of retaliatory physical or mental harm; (2) when anonymity is necessary to preserve privacy in a matter of a sensitive and highly personal nature; and (3) when the anonymous party is compelled to admit his or her intention to engage in illegal conduct, thereby risking criminal prosecution. *See id.* at 1068; *see also Dep't of Fair Emp't and Hous. v. Law Sch. Admission Council, Inc.*, 2012 WL 3583023, at *2 (N.D. Cal. Aug. 20, 2012). A party requesting to remain anonymous must make an affirmative showing that "the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Id.*

Plaintiff's request to proceed anonymously "flows from her desire to maintain privacy with regard to her disability that impedes her test-taking ability. . . . [H]er request is necessary to preserve her privacy in this sensitive and highly personal matter." (Dkt. No. 30 at 3.) Plaintiff asserts that she "is suffering from a disability that carries with it social stigma." (*Id.* at 4.) Plaintiff contends that the "close-knit" nature of the podiatry field, reflected by the fact that there are only nine podiatry schools in the United States, means that public dissemination of her condition poses a great risk that potential employers, medical residencies, and patients would "consider her to be a less competitive candidate despite her academic and clinical achievements." (*Id.*; *see also* Dkt. No. 30-1 ¶¶ 4-6.) Further, disclosure of her disability would lead to "stress and severe personal embarrassment which would only exacerbate her condition." (Dkt. No. 30 at 3; *see also* Dkt. No. 30-1 ¶ 7.)

"[C]ourts within this District have held that where there is a substantial privacy interest, a plaintiff may be allowed to proceed anonymously." *Dep't of Fair Emp't*, 2012 WL 3583023 at *3. In *Department of Fair Employment*, the court found that although three individual plaintiffs seeking to proceed anonymously in the class action faced some threat of social stigmatization if their medical conditions—which included Attention Deficit Disorder ("ADD") and Attention Deficit Hyperactivity Disorder ("ADHD") diagnoses—were revealed publicly, such stigma "d[id] not reach

2

the same level of severity that prior courts have deemed sufficient in allowing plaintiffs to proceed under fictitious names. *Id.* (collecting cases). The court found that "DFEH has not shown that these particular conditions are especially uncommon disorders or that they carry a particular risk of social stigmatization. Rather, ADD and ADHD seem a closer analog to some of the more common disorders that courts have deemed to be insufficiently stigmatizing to warrant a plaintiff's proceeding anonymously." *Id.* at *4 (comparing ADD and ADHD to obsessive-compulsive disorder, which has been found to not warrant use of a fictitious name) (citations omitted). As in *Department of Fair Employment*, Plaintiff has not shown that her Generalized Anxiety Disorder and Panic Disorder with Agoraphobia are especially uncommon disorders or that they carry a particular risk of social stigmatization; instead, Plaintiff simply asserts her unsupported belief that she will be stigmatized for having these particular disorders.

Plaintiff, however, may still proceed under a fictitious name, considering that neither Defendant nor any non-party has objected to Plaintiff proceeding anonymously. *See Dep't of Fair Emp't*, 2012 WL 3583023 at *4-5 (holding that even though the anonymous plaintiffs faced a level of social stigmatization below that which courts have previously found sufficient to allow plaintiffs to proceed anonymously, the plaintiffs could proceed anonymously because 14 of the 17 plaintiffs were proceeding under their real names and defendant had made "no significant showing" that it would be prejudiced). Further, while the "the public's interest in knowing the identity of parties to a suit is substantial," *id.* at *4, the Court is not persuaded that, based on the record before it, the public's interest alone outweighs the risk of stigmatization. If circumstances change, however, and the public's interest is shown to outweigh Plaintiff's need for anonymity, the Court may revisit the issue at that time.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's motion to proceed using a fictitious name, and GRANTS Plaintiff's motion to remove an incorrectly filed document.

IT IS SO ORDERED.

3

Dated: April 25, 2013

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE